IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES HSIEH, individually, and as the representatives of a class of similarly situated persons,<br><br>    Plaintiff,<br><br> v.<br><br>PITCHBOOK DATA, Inc,<br><br>    Defendant. | Case No. ___ |

**NOTICE OF REMOVAL**

1. Defendant PitchBook Data, Inc., ("PitchBook"), by and through its undersigned attorney, and pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, hereby files this Notice of Removal of Case No. 2024-CH-09822, which was pending in the Circuit Court of Cook County, Illinois. As grounds for removal, PitchBook states as follows[1]:

**PROCEDURAL HISTORY AND BACKGROUND**

2. On or about October 30, 2024, Plaintiff James Hsieh filed a Class Action Complaint ("Complaint") in the Circuit Court of Cook County, captioned as *James Hsieh, an Illinois resident, individually and as the representatives* [sic] *of a class of similarly situated persons, v. PitchBook Data, Inc., a Delaware corporation*, Case No. 2024-CH-09822. PitchBook was served with the summons and a copy of Plaintiff's Complaint on November 4, 2024.

---

[1] PitchBook reserves all rights, defenses, and objections, including but not limited to defenses and objections relating to venue and personal jurisdiction, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

3. Plaintiff's Complaint asserts a claim for alleged violations of the Illinois Right of Publicity Act, 765 ILCS § 1075/1 *et seq.* ("IRPA").

4. PitchBook is the only Defendant in this action.

5. PitchBook has not yet responded to Plaintiff's Complaint. Plaintiff has filed a Motion for Class Certification. The Parties have not filed or served any other pleadings.

6. Copies of "all process, pleadings, and orders served upon ... defendant" in this action are attached hereto. *See* 28 U.S.C. § 1446(a). A copy of Plaintiff's Complaint is attached as Exhibit 1. A copy of the Summons issued to PitchBook is attached as Exhibit 2. A copy of the Notice of Service of Process of the Summons and Complaint is attached as Exhibit 3. A copy of the Plaintiff's Motion for Class Certification is attached as Exhibit 4.

## GROUND FOR REMOVAL

**I.     Class Action Fairness Act, 28 U.S.C. § 1332(d)**

7. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which grants to the United States District Courts original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs," and which is a "class action" where there is, among other things, minimal diversity, meaning "any member of a class of plaintiffs is a citizen of a State different than the defendant." 28 U.S.C. § 1332(d).

8. The Complaint meets all of the requirements for jurisdiction under CAFA. Plaintiff brings the complaint "individually and as the representatives [sic] of a class of similarly situated persons" (Ex. 1 at 1), qualifying it as a class action. *See* 28 U.S.C. § 1332(d)(1)(B). The Complaint alleges facts making the amount in controversy greater than $5,000,000. *See id.* § 1332(d)(2). At least one member of the proposed class is a citizen of a state different than PitchBook. *See id.* PitchBook is the sole defendant, and PitchBook is not a State, State official,

or government entity. *See id.* § 1332(d)(5)(a). And the alleged number of members of the proposed class is greater than 100. *See id.* § 1332(d)(5)(b).

      **A.**      **Amount in Controversy**

      9.      To satisfy CAFA's amount in controversy requirement, there only needs to be a "a reasonable probability that the stakes exceed" $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Defendants face an inherent "difficulty ... when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). As a result, "[t]he party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties." *Id.* (citing *Brill*, 427 F.3d at 448 (7th Cir. 2005)). This burden thus "is a pleading requirement, not a demand for proof." *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.*

      10.      PitchBook denies the validity and merit of Plaintiff's alleged claim, including the legal theories upon which it is based and any claim for alleged damages or other relief. PitchBook also maintains that the Complaint fails to define a certifiable class. In acknowledging that Plaintiffs' Complaint pleads facts establishing this Court's jurisdiction under CAFA, PitchBook does not concede that Plaintiff or the putative class are entitled to damages or any relief whatsoever.

      11.      The Complaint alleges that PitchBook "allows prospective customers to register for a temporary free trial to try its software ('product'), which provides access to information about individuals," then uses Plaintiff's and the Class Members' "personal identifying

information for the purpose of enticing users of PitchBook to enter into paid subscriptions for additional access to data contained in the platform." (Ex. 1 ¶¶ 17, 27). Plaintiff alleges that "Plaintiff and the Class never provided PitchBook with written consent to use their identity to advertise premium subscriptions to the PitchBook platform." (*Id*. at ¶ 26).

12. Plaintiff seeks statutory damages of $1,000 for each violation of IRPA, or alternatively actual damages and profits derived from the use of Plaintiff and the Class Members' identities, whichever is greater. (*Id*. ¶¶ 15, C). Plaintiff purports to represent a class of "[a]ll current and former Illinois residents who are not subscribers to PitchBook's platform and whose identity is used to market paid subscriptions for PitchBook's platform." (*Id*. ¶ 41). While Plaintiff does not allege the number of class members, he does allege at least $1,000 in damages per class member. This means the amount in controversy exceeds $5,000,000 if there are at least 5,001 class members. The purported class—which allegedly includes all past and present Illinois residents who are not subscribers and whose identifying information is on PitchBook's platform—easily exceeds 5,001 persons. The Complaint therefore satisfies the amount in controversy under CAFA.

    **B.**    **Diversity of Citizenship**

13. Plaintiff alleges he is a resident of Illinois. (*Id*. ¶ 9).

14. PitchBook is a Delaware corporation. (*Id*. ¶ 10). Its principal place of business is Seattle, Washington. PitchBook is therefore a citizen of Delaware and Washington for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).

15. There is thus minimal diversity of the parties. *See* 28 U.S.C. § 1332(d)(2).

### C. Other Requirements

16. PitchBook is a corporation. (Ex. 1. ¶ 10.) PitchBook is not a State, State official, or other government entity. *See* 28 U.S.C. § 1332(d)(5)(A).

17. Because PitchBook is not a citizen of Illinois, this Court may not decline to exercise jurisdiction under 28 U.S.C. §§ 1332(d)(3) or 1332(d)(4)(A)(i)(II)(cc).

18. Plaintiff alleges that the class includes *all* past and present residents of Illinois who are not subscribers and whose information was used to market paid subscriptions on PitchBook's platform. (Ex. 1 ¶ 41.) The proposed class therefore exceeds 100 members as required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

### NO NEED FOR CONSENT TO REMOVAL

19. There are no defendants other than PitchBook, so there are no defendants whose consent is required for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

### TIMELINESS

20. This Notice of Removal is timely, as it is being filed within 30 days of service of the Complaint on PitchBook. *See* 28 U.S.C. § 1446(b)(1).

### VENUE FOR REMOVAL

21. Because this action is brought in the Circuit Court of Cook County, Illinois, venue for purposes of removal is proper in this Court under 28 U.S.C. § 93(a)(1). *See* 28 U.S.C. §§ 1441(a), 1446(a).

### NOTICE OF FILING OF REMOVAL

22. Promptly after filing this Notice of Removal, PitchBook will provide written notice of the removal to Plaintiff through his attorney of record and to the Clerk of the Court of the Circuit Court of Cook County, Illinois. *See* 28 U.S.C. § 1446(d).

Case: 1:24-cv-12454 Document #: 1 Filed: 12/04/24 Page 6 of 7 PageID #:6

## CONCLUSION

23. All requirements for diversity and removal jurisdiction have been met. PitchBook therefore provides notice that this action is removed to this Court for all future proceedings.

Dated: December 4, 2024

Respectfully submitted,

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
Jordana Beh
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kathleen.carlson@sidley.com
jbeh@sidley.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 4, 2024, I caused the foregoing to be electronically filed using the CM/ECF system, which will send notice of this filing to all counsel of record.

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7000
kathleen.carlson@sidley.com

*Counsel for Defendant*