# EXHIBIT 1

FILED
10/30/2024 10:16 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2024CH09822
Calendar, 10
29995526

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | |
|---|---|
| JAMES HSIEH, an Illinois resident, individually and as the representatives of a class of similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) Case No.: **2024CH09822** ) |
| v. | ) Class Action ) |
| PITCHBOOK DATA, INC., a Delaware corporation, | ) ) |
| Defendant. | ) |

For updated information about your case, including hearings, subsequent filings and other case information, please visit our Online Case Search and search for your case: https://casesearch.cookcountyclerkofcourt.org

## CLASS ACTION COMPLAINT

Plaintiff, James Hsieh, ("Hsieh" or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action against Defendant, PitchBook Data, Inc. ("PitchBook" or "Defendant"), and alleges as follows:

## NATURE OF ACTION

1.      Plaintiff and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief for violations of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS §1075/1 *et seq.*

2.      IRPA prohibits using an individual's identity for commercial purposes without prior consent. 765 ILCS §1075/30.

3.      PitchBook is a financial data and software company that serves professionals in the private equity, venture capital, and M&A sectors. Its platform provides tools for market analysis, deal sourcing, and due diligence, along with the capability to search for detailed information on individuals within these industries.

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

4. PitchBook allows prospective customers to register for a temporary free trial of its software, which provides access to information about individuals. This information includes, but is not limited to, an individual's name, title, email address, phone number, description, links to social network profiles, and other business details.

5. PitchBook users can access detailed personal and professional information about individuals by utilizing the "Screeners/People" search function. The search results and the individual profiles accessible from these results provide multiple data points about individuals, which are only accessible to current PitchBook customers and prospective customers who have registered for the free trial.

6. Plaintiff and the Class Members never provided PitchBook with written consent to use their identity to advertise premium subscriptions to the PitchBook platform.

7. Despite failing to obtain written consent from Plaintiff and the Class Members, PitchBook nevertheless utilized their personal identifying information for the purpose of enticing users of PitchBook to enter into paid subscriptions for additional access to reports and data contained in the platform. In other words, PitchBook used Plaintiff's and other Class Members' identities for commercial purposes without their written permission in violation of their right of publicity as protected by Illinois' right of publicity statute.

8. Plaintiff brings this Complaint seeking an order (i) declaring that PitchBook's conduct violates his right of publicity as defined by IRPA, (ii) requiring that PitchBook cease the unlawful activities described herein, (iii) awarding Plaintiff and the proposed Class statutory damages in an amount prescribed by statute per violation or an amount equal to actual damages/profits, whichever is greater, and (iv) an award for punitive damages, if warranted, and attorneys' fees and costs.

2

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

**PARTIES**

9.      Plaintiff James Hsieh is a citizen of the State of Illinois residing in Chicago, in Cook County.

10.      Defendant PitchBook is a Delaware corporation with its principal place of business located in the state of Washington. PitchBook seeks out and compiles identifying information of Illinois citizens and uses that information to market its subscriptions to Illinois citizens and others without written consent.

**JURISDICTION AND VENUE**

11.      Jurisdiction is conferred by 735 ILCS § 5/2-209 in that PitchBook during the relevant time period sought out and compiled identifying information of Illinois citizens and used this information for marketing without written consent.  In doing so, PitchBook committed the statutory violations related to the matters complained of herein in Illinois.

12.      Venue is proper in this Court pursuant to 735 ILCS § 5/2-101 *et seq.* because a substantial part of the events or omissions giving rise to the claims of Plaintiff occurred in Cook County.  PitchBook, through its platform, collected and used Hsieh's personal information for commercial purposes without his consent. Hsieh's name and other personal information has commercial value. In so doing, PitchBook violated Hsieh's right of publicity, as well as the right of publicity of other Illinois putative Class Members residing in Cook Cunty and throughout Illinois.

**ILLINOIS RIGHT OF PUBLICITY**

13.      IRPA was enacted in 1999 to recognize individuals' "right to control and to choose whether and how to use [their] individual identity for commercial purposes." 765 ILCS § 1075/10.

14.      IRPA defines "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener, including but not limited to (i) name,

3

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

(ii) signature, (iii) photograph, (iv) image, (v) likeness, or (vi) voice." 765 ILCS § 1075/5. "Commercial purpose" is defined in part, as "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." *Id.*

15. IRPA prohibits the use of an individual's identity for commercial purposes without first obtaining prior written consent. 765 ILCS § 1075/30. IRPA provides that a violation of the Act may result in statutory damages in the amount of $1,000 per violation or actual damages and profits derived from the unauthorized use, whichever is greater. 765 ILCS § 1075/40. IRPA further provides that punitive damages may be rewarded for willful violations and authorizes the issuance of injunctive relief where appropriate. 765 ILCS § 1075/40 & 50.

**FACTUAL ALLEGATIONS**

16. PitchBook is a financial data and software company that provides investment management solutions for various professionals in the private equity, venture capital, and M&A sectors. One of PitchBook's primary products is its platform offering detailed reports and analysis on companies, deals, and individuals in these industries.

17. On its website, PitchBook allows prospective customers to register for a temporary free trial to try its software ("product"), which provides access to information about individuals. To initiate this free trial, interested parties are required to first schedule a call with a PitchBook representative. Only after this consultation call does PitchBook grant access to their platform on a free trial basis, ensuring a personalized introduction to the product's capabilities and features.

18. The PitchBook product allows users to search for specific companies they want to investigate. Users are also able to conduct searches on individuals. As shown in the images below, this can be achieved by clicking the "Screeners/People" option in the platform's interface and then

4

FILED DATE: 10/30/2024 10:16 AM   2024CH09822

entering information into the various search fields such as an individual's name, firm, location, and/or position.

19. On the search results page, multiple data points are provided about individuals,



such as their name and title. This information also includes their email, phone number, description, links to their social network profiles, and additional business details. The redacted images below show examples of how the search results are presented.

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

20. For each individual listed in the search results, PitchBook provides even more extensive information in the form of an individual profile, which can be accessed by clicking on their name in the search results. As shown in the redacted image below, this profile can include the individual's name, a general biography, their education, industry, contact information and social media profiles, information about their investments, portfolio and exits, median investment value, their positions, and their board seats and advisory roles.



21. Whether viewed through only the search results or by clicking on an individual's profile, this detailed personal and professional information is only accessible to current PitchBook customers and prospective customers who have registered for the free trial. As stated, Plaintiff's name and profile have commercial value. PitchBook would not be using Plaintiff's name and profile to advertise its services if it did not have commercial value.

6

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

22. Once the trial period concludes, users are unable to access PitchBook platforms, facing an error message at login indicating "User was deleted or inactive." Additionally, following the trial's end, users may be contacted for a follow-up meeting with a representative from PitchBook to discuss potential interest in purchasing a subscription to their product.

23. The purpose behind PitchBook providing users with a free trial is to advertise and convince prospective customers to purchase subscriptions to PitchBook, which enables additional, ongoing access to data contained in the platform, including the profiles of individuals that were not viewed during the free trial. This subscription is a product separate from the identifying information provided to free trial users.

24. To that end, immediately below the "Request a free trial" button on its website, PitchBook is explicit in its representations that a free trial will allow access to individuals' personal information. PitchBook states: "With our advanced search, you can easily zero in on the companies, deals, investors or individuals that matter most - all based on the criteria you choose."



FILED DATE: 10/30/2024 10:16 AM 2024CH09822

25. On information and belief, PitchBook searches for and compiles personal information of individuals, including Class Members, from online sources, public records, and other databases without their knowledge or consent. PitchBook does not obtain written consent from these individuals before using their identities, and the commercial value inherent in such identities, to market its subscription services.

26. Plaintiff and the Class never provided PitchBook with written consent to use their identity to advertise premium subscriptions to the PitchBook platform.

27. Despite failing to obtain written consent from Plaintiff and the Class Members, PitchBook nevertheless utilized their personal identifying information for the purpose of enticing users of PitchBook to enter into paid subscriptions for additional access to data contained in the platform. In other words, PitchBook used Plaintiff's and other Class Members' identities for commercial purposes without their written permission in violation of their right of publicity as protected by Illinois' right of publicity statute.

28. PitchBook's use of individuals' identities to advertise subscriptions to its platform is misleading in that it gives the false impression that these individuals are willing participants to market the platform, which they are not.

29. PitchBook has injured Plaintiff and Class Members by using their names and identities for its own commercial purposes without compensation or permission, potentially subjecting them to harassing and uninvited communications.

30. The use of Plaintiff's and Class Members' identities to advertise subscriptions to PitchBook's platform demonstrates that their identities have commercial value. The value of these identities is demonstrated by their inclusion in the platform. PitchBook's business model is dependent on these identities. PitchBook derives its value through the accumulation of individual identities, the access to which subscribers pay for on a monthly or yearly basis.

8

FILED DATE: 10/30/2024 10:16 AM    2024CH09822

**Facts relating to James Hsieh**

31.    As of September 2024, James Hsieh's identity was accessible through PitchBook. His personal information is contained in the PitchBook database, which includes his name, company position, education, and other information about his professional background. This information is accessible through PitchBook's search functions.

32.    Potential customers availing themselves of PitchBook's platform are able to view and, on information and belief, have viewed or have had access to information on Hsieh using their free trial account.

33.    PitchBook allows access to the information of Hsieh contained on its platform to have potential customers familiarize themselves with the platform in the hope that those customers are incentivized to enter into paid subscriptions for continued access to the platform. Thus, the commercial value of Hsieh's identity has been used by PitchBook to market paid subscriptions to its platform.

34.    Hsieh did not give consent, written or otherwise, to PitchBook to use his name or identity for its platform, or for any other reason. Nor did Hsieh provide PitchBook with written consent to use his identity for commercial purposes. Had PitchBook requested his consent, Hsieh would not have provided it. On information and belief, PitchBook also did not obtain written permission from any sources from which it compiled his personal identifying information for its platform.

35.    Hsieh does not know how PitchBook obtained his name and identifying information for its platform. On information and belief, PitchBook compiled his information from various sources of information, including public records and other databases.

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

36. Hsieh has intellectual property and privacy interests in his name and identity recognized by Illinois statutory law. Hsieh has the right to exclude anyone from using his name and identity for commercial purposes without his written permission.

37. PitchBook's use of Hsieh's name and identity to advertise subscriptions to its platform is misleading in that it gives the false impression that Hsieh is a willing participant in the platform, which he is not.

38. PitchBook has injured Hsieh by using his name and identity for its own commercial purposes without compensation or permission, potentially subjecting him to harassing and uninvited communications.

39. The use of Hsieh's identity to advertise subscriptions to PitchBook's platform demonstrates that his identity has value. The value of Hsieh's identity is demonstrated by its inclusion in the platform. PitchBook's business model is dependent on Hsieh's identity, and others like it. PitchBook derives its value through the accumulation of individual identities, the access to which subscribers pay for on a monthly or yearly basis.

## CLASS ALLEGATIONS

40. Pursuant to 735 ILCS § 5/2-801, Hsieh bring this class action on behalf of himself and a class of similarly situated persons.

41. The class that Hsieh seeks to represent is defined as follows:

> All current and former Illinois residents who are not subscribers to PitchBook's platform and whose identity is used to market paid subscriptions for PitchBook's platform.

Excluded from the Class are PitchBook, its officers, directors, shareholders, employees, attorneys (and attorney family members), and members of the judiciary. Hsieh reserves the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the Class become more apparent.

10

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

42. **Numerosity.** On information and belief, the members of the class are so numerous that joinder of all members is impractical. Based on the investigation by their counsel and representations made by PitchBook on its website, Plaintiff reasonably believes that the Class comprises thousands of current and former Illinois citizens and residents whose profiles are compiled and maintained in PitchBook's database and searchable on its platform. The exact number of persons in the class can be determined from records maintained by PitchBook, but certainly exceeds 40.

43. **Common Questions of Law and Fact Predominate.** Many common questions of law and fact that exist as to Plaintiff and members of the Class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to:

(a)     whether PitchBook uses Plaintiff's and Class Members' identities in search results and profile information for its own commercial benefit;

(b)     whether PitchBook obtained written consent from Plaintiff and the Class prior to using their identities as required by 765 ILCS § 1075/30;

(c)     whether the conduct described herein constitutes a violation of IRPA;

(d)     whether PitchBook's commercial use of the identities of Plaintiff and Class was willful, which would entitle Plaintiff and the Class to punitive damages; and

(e)     whether Plaintiff and Class Members are entitled to declaratory, injunctive, and monetary relief as requested.

Plaintiff and the members of the Class have a commonality of interest in the subject matter of the lawsuit and remedies sought.

11

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

44. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. PitchBook's misuse of Plaintiff's and Class Members' identities, personal information, and other identifying information was the same for each.

45. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation in state and federal courts nationwide, and Plaintiff has no interest adverse to any member of the Class. Plaintiff intends to prosecute this case vigorously on behalf of himself and the Class.

46. **Superiority of Class Action.** A class action is an appropriate method for the fair and efficient adjudication of the controversy pursuant to 735 ILCS § 5/2-801(4) because it involves a uniform course of conduct equally applicable to the Plaintiff and all members of the Class. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs and can therefore best secure the economies of time, effort and expense and accomplish the other ends of equity and justice that this action seeks to obtain.

### VIOLATION OF IRPA, 765 ILCS § 1075/1 *et seq.*

47. As stated, IRPA defines "right of publicity" as the "right to control and to choose whether and how to use an individual's identity for commercial purposes." 765 ILCS § 1075/10.

48. IRPA prohibits and provides damages for using an individual's identity for commercial purposes without first obtaining written consent. 765 ILCS § 1075/30.

49. By engaging in the foregoing acts and omissions, PitchBook used Hsieh's and Class Members' identities for commercial purposes without first obtaining written consent.

50. Each use of Hsieh's and Class Members' identities is a separate and distinct violation of IRPA giving rise to damages.

12

FILED DATE: 10/30/2024 10:16 AM 2024CH09822

51.     As a result of PitchBook's violations of IRPA, Hsieh and the Class Members have suffered injury to their privacy rights as well as economic damages. Hsieh and the Class Members have been denied the commercial value of their identities, which PitchBook used without permission from or compensation to Hsieh and the Class Members. Hsieh and Class Members were denied their statutorily protected right to control how their identities are used and suffered damages based on that misuse.

52.     Hsieh, on behalf of himself and the Class Members, seeks statutory damages for each violation of IRPA, or alternatively, actual damages suffered by Hsieh and Class Members for the unauthorized use their identities, whichever is greater; punitive damages, if warranted; prejudgment interest; injunctive and declaratory relief; and an award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff, James Hsieh, individually and on behalf of all other similarly situated persons, demands judgment in his favor and against Defendant, PitchBook Data, Inc., as follows:

A.     Certifying this case as a class action and appointing Hsieh and his attorneys as class representative and class counsel, respectively;

B.     Declaring that PitchBook's actions, as described herein, violate IRPA;

C.     Awarding statutory damages to Hsieh and each Class Member for each violation of IRPA, or alternatively actual damages and profits derived from the unauthorized use of Hsieh's or Class Members' identities, whichever is greater, plus prejudgment interest.

E.     Enjoining PitchBook from committing further violations of IRPA;

F.     Awarding Hsieh reasonable attorneys' fees and costs incurred in filing and prosecuting this action as provided by IRPA;

13

G.    Awarding such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

James Hsieh, individually and as a representative of a class of similarly-situated persons

By:    ANDERSON + WANCA

s/ Brian J. Wanca

Brian J. Wanca
Wallace C. Solberg
ANDERSON + WANCA - Cook Co. Firm #57010
3701 W. Algonquin Rd. Ste 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
bwanca@andersonwanca.com
wsolberg@andersonwanca.com

14