**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HSIEH, an Illinois resident, individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PITCHBOOK DATA, INC.,<br><br>Defendant. | No. 1:24-cv-12454<br><br>Hon. April M. Perry |

# DEFENDANT PITCHBOOK DATA, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO THE STATUTE OF LIMITATIONS

# TABLE OF CONTENTS


INTRODUCTION ........ 1

BACKGROUND ........ 1

I. Factual Background ........ 1

II. Procedural Background ........ 3

LEGAL STANDARD ........ 3

ARGUMENT ........ 4

I. IRPA's Statute of Limitations is One Year ........ 4

II. IRPA's "Single Publication Rule." ........ 5

III. Plaintiff's Claim is Barred By IRPA's Statute of Limitations ........ 5

IV. Plaintiff's Injunctive Relief Claim is Moot. ........ 8

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ... 3

*Berry v. Ford Modeling Agency*,
2012 WL 5470289 (N.D. Ill. Nov. 9, 2012) ... 4

*Blair v. Nevada Landing P'ship*,
369 Ill. App. 3d 318 (2d Dist. 2006) ... 4, 5, 6, 8

*Bonilla v. Ancestry.com Operations Inc.*,
628 F. Supp. 3d 812 (N.D. Ill. 2022) ... *passim*

*Brown v. Bartholomew Consol. Sch. Corp.*,
442 F.3d 588 (7th Cir. 2006) ... 8

*Cantwell v. N.H. Scott & Hebblethwaite Funeral Home, Inc.*,
2023 WL 4288342 (1st Dist. June 30, 2023) ... 4

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) ... 3

*Daugherty v. Harrington*,
906 F.3d 606 (7th Cir. 2018) ... 4

*Fischer v. Instant Checkmate, LLC*,
2022 WL 971479 (N.D. Ill. Mar. 31, 2022) ... 4

*Hukic v. Aurora Loan*,
588 F.3d 420 (7th Cir. 2009) ... 7

*Sommerfield v. City of Chicago*,
863 F.3d 645 (7th Cir. 2017) ... 4

*Toney v. L'Oreal USA, Inc.*,
2002 WL 31455975 (N.D. Ill. Nov. 1, 2002) ... 4

*Troya Int'l Ltd. v. Bird-X, Inc.*,
2017 WL 6059804 (N.D. Ill. Dec. 7, 2017) ... 6, 7

**Statutes**

765 ILCS 1075/30(a) ... 3

**Other Authorities**

Fed. R. Civ. P. 56(a) ....................................................................................................................3

## INTRODUCTION

PitchBook Data, Inc. ("PitchBook") is entitled to summary judgment because Plaintiff's Complaint is barred by the applicable statute of limitations. The caselaw is clear that the Illinois Right of Publicity Act's ("IRPA's") statute of limitations is one year and that the limitations period begins to run from the date of the first publication—a rule known as the "single publication rule." Incontrovertible evidence shows that Plaintiff's information was accessible on PitchBook's website as of February 15, 2021—more than 3.5 years before Plaintiff filed his Complaint on October 30, 2024. Moreover, even if this Court were to apply a limited exception to the single publication rule called the "discovery rule"—in which the limitations period does not begin to run until Plaintiff could have reasonably discovered that his information was available—Plaintiff's Complaint is still time-barred. The evidence is clear that Plaintiff became a user of PitchBook's website on October 11, 2023, and at that time had the ability to search for any information on the website, including his own name. Thus, under either rule, Plaintiff's Complaint is untimely. Summary judgment should be granted for PitchBook.

## BACKGROUND

### I. <u>Factual Background</u>

PitchBook is a financial data and software company for professionals in venture capital, private equity, and mergers and acquisitions. (Joint Statement of Undisputed Material Facts ("JSMF") ¶ 2.) PitchBook owns and operates the public website PitchBook.com, through which registered users can search for and view information from PitchBook's database about private market transactions, including information on professionals employed by entities tracked by PitchBook. (*Id.* ¶ 5.) Registered users include users with a paid subscription to PitchBook.com as well as prospective users with a temporary free trial to PitchBook.com. (*Id.* ¶ 8.) In order to access and view an individual's profile page, a PitchBook user must first enter a search query, which can

be performed by using either a traditional search bar, or a screener function enabling a search of people by a number of criteria including industry and geography. (*Id.* ¶ 6.) The search engine will then generate and display search results relevant to that query (if any), including information about the individual and a link to a "profile" for that individual. (*Id.* ¶¶ 6–7.) Users can then select the profile to access and view more information about that individual. (*Id.* ¶ 7.)

On February 8, 2021, Plaintiff's then-employer, Avante Capital Partners ("Avante"), sent Plaintiff's name, email address, and position title at Avante to PitchBook. (*Id.* ¶ 9.) On February 15, 2021, PitchBook added Plaintiff's information to its database. (*Id.* ¶ 10.) As of that date, PitchBook users—both paid and trial users—could have searched for and viewed Plaintiff's information, including his name, email address, employer, and position title. (*Id.* ¶¶ 9–10.) PitchBook's only change to Plaintiff's information occurred on June 6, 2023, when PitchBook updated Plaintiff's information to reflect that he no longer worked at Avante. (PitchBook Statement of Material Facts ("PBSMF") ¶ 1.)

On October 11, 2023, Plaintiff registered as a user on PitchBook.com through a subscription associated with the University of Chicago. (*Id.* ¶ 3.) As a registered user, Plaintiff had full access to PitchBook's search functions, including the ability to search for and view any individual's information on PitchBook.com, including his own. (*Id.*) PitchBook's records show that Plaintiff ran a number of searches on PitchBook.com and viewed multiple profiles since becoming a registered user on October 11, 2023. (JSMF ¶ 11.) Plaintiff's information remained on PitchBook.com throughout this period, until November 4, 2024, when PitchBook removed it from the website shortly after Plaintiff filed his complaint. (*Id.* ¶ 12.) During the entire time Plaintiff's information was on PitchBook.com, no one using PitchBook on a free trial basis ever viewed Mr. Hsieh's profile on PitchBook. (PBSMF ¶ 4.)

## II. Procedural Background

On October 30, 2024, Plaintiff filed a putative class action complaint (Dkt. 1–1 ("Complaint" or "Compl.")) against PitchBook, claiming that PitchBook violated IRPA. IRPA prohibits the "use [of] an individual's identity for commercial purposes" without that individual's "previous written consent." 765 ILCS 1075/30(a). Plaintiff alleges that PitchBook obtained and added his identifying information to PitchBook's database, through which prospective users could "search [for]," "view[]," and "access[]" his information. Compl. ¶¶ 4–7, 31–33. Plaintiff seeks statutory damages, declaratory relief, and an "order [e]njoining PitchBook from committing further violations of IRPA." *Id.* ¶ 52, Prayer for Relief at E.

On January 31, 2025, PitchBook filed its Answer to the Complaint, asserting (among other affirmative defenses) that Plaintiff's claim is barred by IRPA's statute of limitations. Dkt. 14 at 19. On February 7, 2025, PitchBook filed a motion to stay discovery and for leave to file a motion for summary judgment on the threshold issue of the statute of limitations. Dkt. 15. On April 2, 2025, this Court granted in part and denied in part PitchBook's motion, and as relevant to this motion, granted PitchBook leave "to file a motion for summary judgment on the statute of limitations issue whenever it believes it has adequate undisputed evidence to support such a motion." Dkt. 23.

## LEGAL STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Issues of material fact are "genuine" only if they require resolution by a trier of fact and "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). Conclusory allegations or unsupported speculation are insufficient to preclude the granting of a summary

judgment motion. *See Daugherty v. Harrington*, 906 F.3d 606, 611 (7th Cir. 2018); *Sommerfield v. City of Chicago*, 863 F.3d 645, 649 (7th Cir. 2017).

## ARGUMENT

### I. IRPA's Statute of Limitations is One Year.

Although "[IRPA] does not identify a specific statute of limitations," *Blair v. Nevada Landing P'ship*, 369 Ill. App. 3d 318, 323 (2d Dist. 2006), Illinois appellate courts have twice addressed IRPA's statute-of-limitations period and each time held that a one-year limitations period applies. *See, e.g.*, *id.*; *Cantwell v. N.H. Scott & Hebblethwaite Funeral Home, Inc.*, 2023 WL 4288342, at *2 (1st Dist. June 30, 2023). As the court explained in *Blair*, IRPA "completely supplanted the common-law tort of appropriation of likeness," which had a one-year limitations period, and therefore the "one-year statute of limitations" governs IRPA. 369 Ill. App. 3d at 323.

Federal courts have routinely followed *Blair* and likewise applied a one-year statute of limitations. *See e.g.*, *Bonilla v. Ancestry.com Operations Inc.*, 628 F. Supp. 3d 812, 817 & n.2 (N.D. Ill. 2022) (holding that the limitations period is one year, and citing eight cases in noting that "the weight of federal-court authority . . . advises that *Blair*'s one-year statute of limitation governs"); *Berry v. Ford Modeling Agency*, 2012 WL 5470289, at *3 (N.D. Ill. Nov. 9, 2012) ("More recent cases, especially *Blair*, make it absolutely clear that the Right of Publicity Act has a one-year statute of limitations"), *aff'd*, 525 F. App'x 451 (7th Cir. May 9, 2013).[1]

[1] To the extent Plaintiff argues that IRPA is governed by a five-year statute of limitations pursuant to *Fischer v. Instant Checkmate, LLC*, 2022 WL 971479 (N.D. Ill. Mar. 31, 2022) and *Toney v. L'Oreal USA, Inc.*, 2002 WL 31455975 (N.D. Ill. Nov. 1, 2002), such argument is without merit. In *Fischer*, the court merely certified two separate subclasses for both a one- and five-year statute of limitations, without deciding which time-period applied, and expressly recognized that "the weight of authority from this District supports the application of a one-year statute of limitations." 2022 WL 971479, at *6 (cleaned up). And *Toney*—a case ultimately vacated by the Seventh Circuit, 406 F.3d 905 (7th Cir. 2005)—addressed IRPA's statute of limitations four years prior to the Illinois appellate court's decision in *Blair*. 2002 WL 31455975, at *3.

## II. IRPA's "Single Publication Rule."

IRPA's one-year limitations period typically runs from the date "when the allegedly infringing publication was first published." *Bonilla*, 628 F. Supp. 3d at 817; *Blair*, 369 Ill. App. 3d at 323 ("when the objectionable material was first published"). This is known as the "single publication rule." *Bonilla*, 628 F. Supp. 3d at 817.

In limited circumstances, courts may apply an exception to the single publication rule called the "discovery rule." *Id.* at 819. That rule applies when the "publication was hidden, inherently undiscoverable, or inherently unknowable." *Id.* (quoting *Blair*, 369 Ill. App. 3d at 326). Under the discovery rule, the limitations period does not begin to run until an individual could have reasonably discovered that his information was available. *Id.* However, both federal and state courts recognize that the "discovery rule undermines the single-publication rule" and are therefore reluctant to apply it. *Blair*, 369 Ill. App. 3d at 326; *Bonilla*, 628 F. Supp. 3d at 819 (holding that "*Blair*'s rejection of the discovery rule . . . dooms Bonilla's argument [regarding that rule]").

## III. Plaintiff's Claim is Barred By IRPA's Statute of Limitations.

Plaintiff's claim is barred by IRPA's one-year statute of limitations. Plaintiff's information was available on PitchBook.com beginning on February 15, 2021. (JSMF ¶ 10.) From that point, users were able to "search," "view[]," and "access[]" Plaintiff's information in the exact same manner as alleged in the Complaint. Compl. ¶¶ 4–7, 31–33. Thus, under the single publication rule, Plaintiff needed to file his Complaint by February 15, 2022—one year after Plaintiff's information was first available on PitchBook's website. However, Plaintiff did not file his Complaint until October 30, 2024—approximately 3.5 years after his information was first available on PitchBook's website. Accordingly, under the single publication rule, Plaintiff's claim is time-barred.

In the event that the discovery rule were to apply, Plaintiff's claim still would be time-barred. Plaintiff registered as a licensed user on October 11, 2023. (PBSMF ¶ 3.) Upon registering as a licensed user, Plaintiff had the ability to search PitchBook.com for information regarding any individual, including himself, and thus "discover" that his information was available on PitchBook.com. (*Id.*) Indeed, the evidence shows that, since becoming a registered user, Plaintiff ran a number of searches on PitchBook.com and viewed multiple profiles. (JSMF ¶ 11.) Therefore, because Plaintiff reasonably could have discovered that his information was available as of October 11, 2023, he needed to file his Complaint by October 11, 2024. But again, he did not file until October 30, 2024. Thus, under either the single publication or discovery rule, Plaintiff's filing of the Complaint is untimely.

Plaintiff may argue that his Complaint is timely under the "continuing violation" doctrine—also known as the "republication rule." *Blair*, 369 Ill. App. 3d at 323; *Bonilla*, 628 F. Supp. 3d at 818. That rule applies when a publication "involves a continuing or repeated injury"—for example, when there was a subsequent publication of an initially published information. *Bonilla*, 628 F. Supp. 3d at 818. In that case, the statute of limitations may run from the "last . . . date of the [publication]." *Blair*, 369 Ill. App. 3d at 323–24; *Bonilla*, 628 F. Supp. 3d at 818. However, in order for the republication rule to apply, the defendant must "significant[ly] alter[]" the original publication. *Troya Int'l Ltd. v. Bird-X, Inc.*, 2017 WL 6059804, at *14 (N.D. Ill. Dec. 7, 2017); *Bonilla*, 628 F. Supp. 3d at 817–19.

That rule does not apply here. Indeed, during the time period in which Plaintiff's information was accessible on PitchBook.com, PitchBook's only change to Plaintiff's information was on June 6, 2023 when PitchBook updated Plaintiff's information to reflect that he no longer worked at Avante. (PBSMF ¶ 1.) That change comes nowhere close to a "*significant* alteration[]"

to Plaintiff's information on PitchBook's platform sufficient to trigger the republication rule and restart the limitations period. *Troya*, 2017 WL 6059804, at *14 (emphasis added). But even if this Court were to hold that PitchBook's change somehow constituted a republication (which it did not), Plaintiff's claim *still* would be barred because Plaintiff would have needed to file his Complaint by June 6, 2024—one year after PitchBook made the change. But again, he did not file his Complaint until October 30, 2024.

Moreover, to the extent Plaintiff argues that, under the republication rule, the limitations period restarted every time his information was included in a search result on PitchBook.com, that argument fails. Whether Plaintiff's information was included in a search result is immaterial to the application of IRPA's statute of limitations. The republication rule requires some "conscious intent" on behalf of the defendant to republish the information. *Bonilla*, 628 F. Supp. 3d at 818–19 (quoting *Hukic v. Aurora Loan*, 588 F.3d 420, 437–38 (7th Cir. 2009)). So if any prospective customer searched Plaintiff's information, that information would be the result of a user's query and not PitchBook's actions or "conscious intent" to republish the information.

*Bonilla* is instructive. There, the plaintiff alleged that Ancestry.com published his yearbook photo in violation of IRPA. *Bonilla*, 628 F. Supp. 3d at 815–16. The court held that the plaintiff's claim was barred by IRPA's statute of limitations because, under the single publication rule, Ancestry published the photo more than one year prior to the plaintiff filing his complaint, and the discovery rule was inapplicable. *Id.* at 817–18. The court then squarely rejected the plaintiff's argument that the limitations period restarted every time a "specific user" entered a search query "seeking information about [the plaintiff]." *Id.* at 818. As the court explained, "[w]hile the [photo] may appear in response to a user's query, that is part of a search engine's ordinary operation," and "the company's only 'conscious intent' to publish the image comes from the initial upload of the

[photo].” *Id.* “[T]o hold otherwise would cause an attendant problem of an endless tolling of the statute of limitations.” *Id.* (quoting *Blair*, 369 Ill. App. 3d at 324). In short, Plaintiff's likely argument that the limitations period restarted every time his information was included in a search result is without merit, and the republication rule does not apply.

## IV. Plaintiff's Injunctive Relief Claim is Moot.

In his Complaint, Plaintiff seeks an “order [e]njoining PitchBook from committing further violations of IRPA.” Compl., Prayer for Relief at E. However, PitchBook removed Plaintiff's information from PitchBook.com on November 4, 2024. (JSMF ¶ 12.) So there are no possible “further violations of IRPA.” Plaintiff's request for injunctive relief is therefore moot. *See Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (in a claim for injunctive relief, “once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot.”).

## CONCLUSION

Plaintiff's claim is barred by IRPA's one-year statute of limitations, and his injunctive relief claim is moot. Accordingly, PitchBook respectfully requests that the Court enter summary judgment in favor of PitchBook.

Dated: April 22, 2025

Respectfully submitted,

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
Lawrence P. Fogel
Jordana Beh
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kathleen.carlson@sidley.com
lawrence.fogel@sidley.com

jbeh@sidley.com

*Attorneys for Defendant PitchBook Data, Inc.*