**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HSIEH, an Illinois resident, individually and as the representatives of a class of similarly situated persons, | ) ) ) | |
| | ) | Case No. 1:24-cv-12454 |
| Plaintiff, | ) ) | Hon. April M. Perry |
| v. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| PITCHBOOK DATA, INC., a Delaware corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**PURSUANT TO THE STATUTE OF LIMITATIONS**

# TABLE OF CONTENTS

Table of Contents.................................................................................................. i

Table of Authorities ............................................................................................. ii

Background...........................................................................................................1

Facts Relevant to this Opposition .......................................................................2

Standards for Summary Judgment.......................................................................4

Argument .............................................................................................................4

I.      The Motion should be denied because the applicable
statute-of-limitations period under Illinois law is five years,
not one year, as PitchBook's Motion assumes...........................................4

      A.      IRPA does not expressly provide a limitations period, so
the default five-year period applies under § 5/13-205 ......................4

      B.      The Motion assumes a one-year limitations period
and does not seek summary judgment on a five-year period............9

II.     Even if a one-year limitations period applies, the Motion
should be denied ......................................................................................9

      A.      The "continuing violation" rule applies............................................9

      B.      Plaintiff's claim for injunctive relief is not moot...........................11

Conclusion .........................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                                              **Pages(s)**

*Abstract & Title Guar., Co. v. Chicago, Inc. Co.*,
    489 F.3d 808 (7th Cir. 2007) ...............................................................................5

*Anderson v. Liberty lobby, Inc.*,
    477 U.S. 242 (1986).............................................................................................4

*Baltimore Orioles, Inc, v. Major League Baseball Players Ass'n*,
    805 F.2d 663 (7th Cir. 1986) ...............................................................................8

*Blair v. Nevada Landing Partnership*,
    859 N.E.2d 1188 (Ill. App. 2006) ..............................................................6–8, 11

*Bonilla v. Ancestry.com Operations, Inc.*,
    574 F. Supp. 3d 582 (N.D. Ill. 2021) ...................................................................1

*Bonilla v. Ancestry.com Operations, Inc.*,
    628 F. Supp. 3d 812 (N.D. Ill. 2022) ..............................................................7, 10

*Bonilla v. Ancestry.com Operations, Inc.*,
    2023 WL 3602801 (N.D. Ill. May 23, 2023) ....................................................8–9

*Brown v. Bartholomew Consol. Sch. Corp.*,
    442 F.3d 588 (7th Cir. 2006) .............................................................................12

*Cantwell v. N.H. Scott & Hebblethwaite Funeral Home, Inc.*,
    2023 IL. App. (1st) 221335-U ..............................................................................7

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..............................................................................................4

*Ciolino v. Simon*,
    2021 IL 126024 (2021) .........................................................................................9

*Cothron v. White Castle Sys., Inc.*,
    2023 WL 128004 ¶ 39 (2023)..............................................................................6

*Fischer v. Instant Checkmate LLC*,
    2022 WL 971479 (N.D. Ill. Mar. 31, 2022).................................................10–11

*Gaul v. CheckPeople, LLC*,
    2022 WL 3212067 (C.D. Ill. Aug. 9, 2022)..........................................................1

# TABLE OF AUTHORITIES

**CASES**                                                                          **Pages(s)**

*Gaul v. SignalHire LLC*,
  2024 WL 3653876 (C.D. Ill. Aug. 5, 2024)................................................................1, 10

*Gaul v. Truth Now, LLC*,
  2022 WL 3647257 (C.D. Ill. Aug. 24, 2022)..................................................................1

*Giovanelli v. Stocktrek Images, Inc.*,
  2025 WL 663020 (N.D. Ill. Feb. 3, 2025) .....................................................................5

*Green v. Datanyze*,
  2024 WL 168123 (N.D. Ill. Jan. 16, 2024) ....................................................................1

*Huston v. Hearst Commc'ns, Inc.*,
  53 F.4th 1097 (7th Cir. 2022) ......................................................................................11

*Krause v. RocketReach, LLC*,
  561 F. Supp. 3d 778 (N.D. Ill. 2021) .............................................................................1

*Lukis v. Whitepages, Inc.*,
  454 F. Supp. 3d 746 (N.D. Ill. 2020) .............................................................................1

*Mackey v. PeopleConnect, Inc.*,
  2023 WL 2561621 (N.D. Ill. Mar. 17, 2023)................................................................10

*Martin v. Living Essentials LLC*,
  653 Fed. Appx. 482 (7th Cir. 2016).................................................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)........................................................................................................4

*Rosenbach v. Six Flags Entertainment Corp.*,
  2019 IL 123186 ¶ 38 (2019) ...........................................................................................8

*Scherr v. Marriott Int'l, Inc.*,
  703 F.3d 1069 (7th Cir. 2013) .......................................................................................11

*Siegel v. Zoominfo Tech., LLC*,
  2021 WL 4306148 (Sept. 22, 2021)................................................................................1

*Taylor v. Legacy Healthcare Fin. Servs.*,
  2021 IL. App. (1st) 210279 (2021)..................................................................................8

# TABLE OF AUTHORITIES

| CASES | Pages(s) |
|---|---|

*Tims v. Black Horse Carriers, Inc.*,
  2023 IL 127801 (2023) ................................................................5–8

*Toney v. L'Oreal*,
  2002 WL 31455975 (N.D. Ill 2002) ...........................................7–8

*Trannel v. Prairie Ridge Media, Inc.*,
  987 N.E. 2d 923 (Ill. App. Ct. 2013) ...........................................10

## STATUTES

735 ILCS § 5/13-201 ...............................................................2, 6–9
735 ILCS § 5/13-205 .................................................................4–9
740 ILCS § 14/1.........................................................................5
740 ILCS § 165/1........................................................................9
765 ILCS § 1075/1–60.................................................................5
765 ILCS § 1075/5..............................................................1, 2, 10
765 ILCS § 1075/15......................................................................2
765 ILCS § 1075/30......................................................................1
765 ILCS § 1075/30(a) ................................................................1
765 ILCS § 1075/50.....................................................................11
765 ILCS § 1075/60.....................................................................6

## RULES

Fed. R. Civ. P. 56(a) ....................................................................4

Plaintiff, James Hsieh, respectfully submits this Memorandum in Opposition to the Motion for Summary Judgment Pursuant to the Statute of Limitations filed by Defendant, PitchBook Data, Inc. ("PitchBook" or "Defendant"). (Docs. 29, 30).

## Background

This is a putative class action brought pursuant to the Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/30, which prohibits using an individual's identity for commercial purposes without having obtained previous written consent. 765 ILCS § 1075/30(a). IRPA defines "commercial purpose" in part as "the public use or holding out of an individual's identity" (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services, and/or (ii) for purposes of advertising or promoting products, merchandise, goods, or services. 765 WLCS § 1075/5. IRPA defines "identity" as "any attribute of an individual that serves to identify that individual to an ordinary, reasonable viewer or listener," including but not limited to "name." *Id*. Significantly, IRPA expressly codifies the rights at issue as property rights, and states that those property rights may be transferred. *Id.* § 1075/15.

Plaintiff alleges that, in violation of IRPA, PitchBook held out Plaintiff's identity, without his written consent, for a commercial purpose, namely, to advertise subscriptions to the PitchBook internet platform through a "free trial," which is a "textbook violation" of IRPA. *See Green v. Datanyze*, 2024 WL 168123, at *2 (N.D. Ill. Jan. 16, 2024); *Gaul v. SignalHire LLC*, 2024 WL 3652876, at *8 (C.D. Ill. Aug. 5, 2024); *Gaul v. Truth Now, LLC*, 2022 WL 3647257, at *6 (C.D. Ill. Aug. 24, 2022); *Gaul v. CheckPeople, LLC*, 2022 WL 3212067, at *3-4 (C.D. Ill. Aug. 9, 2022); *Lukis v. Whitepages, Inc.*, 454 F. Supp. 3d 746, 760 (N.D. Ill. 2020); *Siegel v. Zoominfo Tech., LLC*, 2021 WL 4306148, at *3 (Sept. 22, 2021); *Bonilla v. Ancestry.com Operations, Inc.*, ("*Bonilla I*") 574 F. Supp. 3d 582, 595 (N.D. Ill. 2021); *Krause v. RocketReach, LLC*, 561 F. Supp. 3d 778, 783 (N.D. Ill. 2021). PitchBook now moves for

summary judgment solely based on its argument that Plaintiff's claim is barred by the statute of limitations for IRPA claims, which it contends is the one-year limitations period for invasion of the right to *privacy* in 735 ILCS § 5/13-201. As argued in detail below, PitchBook's arguments are wrong on the law and wrong on the facts, and the motion should be denied.

## Facts Relevant to this Opposition

PitchBook owns and operates the public website PitchBook.com, through which registered users of PitchBook can search for and view information from PitchBook's database about private market transactions, including information on professionals employed by entities tracked by PitchBook. (Joint Stmt. of Undisputed Facts ("JSOF") ¶ 5). Certain information relating to Plaintiff Hsieh was available on PitchBook in September 2024, including his name, company position, and education, and this information was accessible to free users through PitchBook's search functions. (Pl.'s Stmt. of Addt'l Facts ("PSOAF") ¶ 1).

Mr. Hsieh's PitchBook profile was viewed by PitchBook users at least 16 times from April 5, 2021, through October 23, 2024. (PSOAF ¶ 2). Mr. Hsieh's PitchBook profile was viewed by PitchBook users twice on September 24, 2024, and once on October 23, 2024, seven days before the Complaint was filed. (PSOAF ¶ 3).

When a free user views the PitchBook profile of an employer, "a subset of the information from an individual's profile also may be included on the company profile of their employer." (PSOAF ¶ 4). During the time Mr. Hsieh was employed by Avante Capital, his profile "was associated" with the profile of Avante Capital. (PSOAF ¶ 5). Mr. Hsieh's "name, position title, office location, work email address, Avante Capital Partner's office phone number, and a link to Hsieh's LinkedIn profile were accessible on the Avante Capital Partners company page" until PitchBook deleted his profile on November 4, 2024. (PSOAF ¶ 6).

"[I]t is possible" that a subset of the information on Mr. Hsieh's profile was included on the company profile of Avante Capital during Mr. Hsieh's employment with Avante Capitol. (Escher Dep. at 10:16–20). (PSOAF ¶ 7). With respect to whether Mr. Hsieh's profile was "actually viewed" by any PitchBook user "on the Avante Capital profile while Mr. Hsieh was employed there," it is "possible" but "[l]ike any visitor to a web page, it's not always possible to understand what somebody saw." (PSOAF ¶ 8).

Plaintiff filed his Class Action Complaint in Illinois state court on October 30, 2024, alleging that PitchBook used his identity and the identities of a class of others without their prior consent for commercial purposes in violation of IRPA. (JSOF ¶ 3). The Complaint alleges that "PitchBook searches for and compiles personal information of individuals, including Class Members, from online sources, public records, and other databases without their knowledge or consent." (Compl., Doc. 1-1 ¶ 25). The Complaint alleges PitchBook uses the identities of Plaintiff and the class members for the purpose of "enticing users of PitchBook to enter into paid subscriptions for additional access to data contained in the platform." (*Id.* ¶ 27).

The Complaint alleges PitchBook's use of Plaintiff's and the class members' identities constitutes "the public use or holding out" of their identities for a commercial purpose without their consent, in violation of IRPA. (*Id.* ¶ 14). The Complaint alleges "PitchBook derives its value through the accumulation of individual identities, the access to which subscribers pay for on a monthly or yearly basis." (*Id.* ¶ 30). The Complaint alleges these "profiles are compiled and maintained in PitchBook's database and searchable on its platform." (*Id.* ¶ 42). The Complaint alleges that "[e]ach use of Hsieh's and Class Members' identities is a separate and distinct violation of IRPA giving rise to damages." (*Id.* ¶ 50).

In response to this lawsuit, PitchBook has not changed anything in terms of the user experience of free trial users. (PSOAF ¶ 9).

**<u>Standards for Summary Judgment</u>**

Summary judgment is appropriate only if "the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty lobby, Inc.*, 477 U.S. 242, 248 (1986). If there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment may not be granted. *Anderson*, 477 U.S. at 250. When making this determination, "inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in her favor. *Anderson*, 477 U.S. at 255.

**<u>Argument</u>**

**I.      The Motion should be denied because the applicable statute of limitations under Illinois law is five years, not one year, as PitchBook's Motion assumes.**

   **A.      IRPA does not provide a limitations period, so the default five-year period applies under § 5/13-205.**

Under Illinois law, the statute of limitations for "all civil actions not otherwise provided for" by statute is "within 5 years next after the cause of action accrued." 735 ILCS § 5/13-205. The statute makes no exceptions to this "catch-all" limitations period. *See id.*

As PitchBook concedes (Def.'s Mem. at 4), IRPA does not contain a statute-of-limitations period.[1] *See* 765 ILCS § 1075/1–60. Because IRPA is a "civil action[]" and the limitations period is not "otherwise provided for" by statute, the applicable limitations period is "within 5 years next after the cause of action accrued." *Id.* § 5/13-205. The Court need go no further to hold that the statute of limitations period on an IRPA claim is five years under Illinois law and deny PitchBook's motion, which assumes a one-year period.

That conclusion is required by the Illinois Supreme Court's recent decision applying § 5/13-205 in *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶¶ 34, 37 (2023). In that case, the Court was called upon to decide the appropriate limitations period for claims under the Illinois Biometric Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq*. Like IRPA, that statute does not provide a statute of limitations. *Id.* The defendant argued that the applicable limitations period was the one-year period in 735 ILCS § 5/13-201, governing "actions for slander, libel or for publication of matters violating the right of privacy . . . ." *Id.* The Illinois Supreme Court disagreed, holding that the five-year period in § 5/13-205 controlled. *Id.*

*Tims* held that "Illinois courts have routinely applied this five-year catchall limitations period to other statutes lacking a specific limitations period." *Id.* ¶ 34 (collecting cases). Although the Court recognized that two of the five causes of action under BIPA, Sections 15(c) and 15(d), contained words that "could be" defined as involving publication (thus implicating the one-year limitations period of Section 5/13-201), *id*. ¶¶ 32, 37, the Court held that "because [BIPA] does not have its own limitations period; because the subsections are causes of action

---

[1] The Illinois Supreme Court has yet to expressly address the statute of limitations for claims under IRPA, and the Seventh Circuit has repeatedly declined to predict how the Illinois Supreme Court would decide the issue. *Giovanelli v. Stocktrek Images, Inc.*, 2025 WL 663020, at \*3 (N.D. Ill. Feb. 3, 2025); *Martin v. Living Essentials LLC*, 653 Fed. Appx. 482,485-86 (7th Cir. 2016). Accordingly, this Court is required to predict what statute of limitations the Illinois Supreme Court would apply to IRPA claims. *Abstract & Title Guar., Co. v. Chicago, Inc. Co.*, 489 F.3d 808, 811 (7th Cir. 2007).

'not otherwise provided for'; and because we must insure certainty, predictability, and uniformity as to when the limitations period expires in each subsection, the Act is subject to the default five-year limitations period found in section 13-205 of the Code." *Id.* ¶ 37 (citations omitted).

The Illinois Supreme Court's holding in *Tims* applies here, but with even greater force. As in *Tims*, IRPA has no statute of limitations, but unlike *Tims*, there is nothing in IRPA that could be defined as involving "publication of matters violating the right of privacy." IRPA expressly states that "[t]he rights under this Act are property rights," such that they are transferrable. 765 ILCS § 1075/15. IRPA makes no mention of the right to privacy, except to clarify that IRPA was intended to "supplant" the common-law right of publicity, while not affecting "any other rights and remedies provided by law *including, but not limited to, the common law right of privacy*." 765 ILCS § 1075/60 (emphasis added). The statute expressly disclaims any interest in regulating the right to privacy. *Id.*

Although PitchBook's motion never actually cites or quotes the statute, its argument for a one-year limitations period is an attempt to impose 735 ILCS § 5/13-201—the same statute the Illinois Supreme Court refused to import into BIPA in *Tims*—which states that "actions for slander, libel or for publication of matters violating the right of privacy shall be commenced within one year after the cause of action accrued." Such gerrymandering when interpreting a statute is precluded under Illinois law. *See Cothron v. White Castle Sys., Inc.*, 2023 WL 128004 ¶¶ 39, 40 (2023) ("courts cannot rewrite a statute to create new elements or limitations not included by the legislature," and "where statutory language is clear, it must be given effect.")

PitchBook's authorities for its mistaken one-year limitations argument are all derivative of the pre-*Tims* and poorly reasoned case of *Blair v. Nevada Landing Partnership*, 859 N.E.2d

1188, 1192 (Ill. App. 2006), and all fail to recognize that the rights under IRPA are property rights.[2] Although *Blair* recognized that the IRPA "completely supplanted" the common law tort of appropriation of likeness, it nonetheless applied the one-year limitations period from said common law tort. *Id.* at 1192. Tellingly, *Blair* fails to even mention the "catchall" provision of Section 5/13-205, and fails to cite any authority to support its application of a common-law statute of limitations for privacy rights to a statutorily created transferable ***property*** right. *Blair*, 859 N.E.2d at 1192. Indeed, the *Blair* court mistakenly equates the property rights protected by IRPA to claims for "libel, slander, and invasion of privacy." *Id*. at 1193.

As the Court explained in *Toney v. L'Oreal USA, Inc.*, No. 02-cv-3002, 2002 WL 31455975, at *3 (N.D. Ill. Oct. 30, 2002), *vacated on other grounds*, 406 F.3d 905 (7th Cir. 2005), while "the rights of publicity and of privacy evolved from similar origins," they are different. While the right of privacy "protects against intrusions on seclusion, public disclosure of private facts, and casting an individual in a false light in the public eye," the right of publicity "protects against the unauthorized exploitation of names, likenesses, personalities, and performances that have acquired value for the very reason that they are known to the public." *Id.* at *3 (quoting *Baltimore Orioles, Inc, v. Major League Baseball Players Ass'n,* 805 F.2d 663, 678 (7th Cir. 1986)). There is no statutory limitations period for such an action, and so the five-year catch-all should apply. *Id.* In short, *Blair* is unpersuasive, and it does not represent how the Illinois Supreme Court would decide this issue, especially post-*Tims*.

The only decision of which Plaintiff is aware that addresses *Tims* as applied to IRPA is *Bonilla v. Ancestry.com Operations, Inc.* ("*Bonilla III*"), 2023 WL 3602801, at *2 (N.D. Ill. May

---

[2] *See* Def.'s Mem. at 4 (citing *Cantwell v. N.H. Scott & Hebblethwaite Funeral Home, Inc.*, 2023 IL. App. (1st) 221335-U, at ¶ 16; *Bonilla v. Ancestry.com Operations, Inc*. ("*Bonilla II*"), 628 F. Supp. 3d 812, 817 N.D. Ill. 2022).

23, 2023), which held that the one-year period (Section 5/13-201) applied to IRPA claims, rather than the five-year limitations period (Section 5/13-205). *Bonilla III* cannot be reconciled with *Tims*, the text of IRPA, and controlling Illinois Supreme Court authority. The *Bonilla III* court reasoned that BIPA claims are subject to the five-year statute of limitations only because BIPA "does not regulate" the "publication of matters violating the right of privacy." 2023 WL 3602801, at *3. But that is incorrect. The Illinois Supreme Court has expressly and repeatedly recognized that BIPA "codified that individuals possess a right to privacy in and control over their biometric identifiers and biometric information." *Rosenbach v. Six Flags Entertainment Copr.*, 2019 IL 123186 ¶ 33 (2019); *Cothron*, 2023 WL 128004 ¶ 36 (same); *see also Taylor v. Legacy Healthcare Fin. Servs.*, 2021 IL. App. (1st) 210279 ¶ 70 (2021) ("the whole point" of BIPA "is that biometric rights are inherently not transferable").

Moreover, as discussed above, the *Tims* Court agreed that section 15(c) and 15(d) of BIPA "could be" defined as involving "publication" and that section 5/13-201 "could be" applied to sections 15(c) and 15(d) of the Act, but it held that a five-year limitations period applied under the "catchall" provision of Section 5/13-205. *Tims*, 2023 IL 127801, ¶ 32. The *Bonilla III* court also reasoned that IRPA protected the publication of matters related to the right of privacy (and thus was subject to the one-year limitations period under Section 5/13-201). *Bonilla III*, 2023 WL 3602801, at *3. Again, IRPA protects property rights, not privacy rights. 765 ILCS § 1075/15; *see also Toney*, 2002 WL 31455975, at *3 (rejecting attempt to equate the right of privacy with right of publicity in IRPA, and holding § 5/13-205 five-year statute applied).[3]

---

[3] PitchBook argues the Court should disregard *Toney* because it was decided four years prior to *Blair*, but PitchBook fails to acknowledge that *Blair* was decided 17 years prior to *Tims*. (Def.'s Mem. at 4, n.1).

In sum, the limitations period for IRPA claims is the five-year "catchall" under 735 ILCS § 5/13-205 for property claims and claims which for which there is no limitations period otherwise provided.

**B.** **The Motion assumes a one-year limitations period and does not seek summary judgment on a five-year period.**

PitchBook's Motion hinges entirely on its assumption that a one-year limitations period applies. (Def.'s Mem. at 4). It does not meaningfully engage with Plaintiff's argument, previously raised in this litigation (Doc. 19 at 3–4), that the five-year catch-all period applies. It is undisputed that Mr. Hsieh's profile was created in February 2021 and that the Complaint was filed less than four years later, in October 2024. If the five-year period applies, then PitchBook's motion must be denied.

**II.** **Even if a one-year limitations period applies, the Motion should be denied.**

**A.** **The "continuing violation" rule applies.**

Here, the undisputed facts conclusively demonstrate that the "continuing violation" rule, rather than the single-publication rule, applies. In *Ciolino v. Simon*, 2021 IL 126024 ¶¶ 37-40, 43 (2021), the Illinois Supreme Court held that the single publication rule, codified at 740 ILCS § 165/1, "does not gather under its umbrella all repetitions of allegedly defamatory material appearing in the same medium," that "multiple publications of the defamatory material may still exist," and that subsequent publications intended to reach a new audience are not subject to the single-publication rule. And in *Bonilla II*, 628 F. Supp. 3d at 818, the court expressly recognized that the continuing violation rule does apply where the image is "changed, altered, reused, or expanded upon the original image." *Id.*

Here, PitchBook admits that Plaintiff's identity was accessible in response to a search by "any registered user of PitchBook" (Doc. 31, Def.'s Stmt. of Undisputed Material Facts

9

("DSOF") ¶ 10), and his profile was in fact accessed by PitchBook users after October 30, 2023 (*i.e.*, within one year of the filing of the Complaint) (PSOAF ¶¶ 2–3). Plaintiff's identity did not just appear in PitchBook, but was instead "held out" by PitchBook to sell and to advertise subscriptions to the PitchBook website in violation of IRPA. 765 ILCS § 1075/5. The term "'holding out' does not require that the individual's identity was seen by others." *Fischer v. Instant Checkmate LLC*, 2022 WL 971479, at *10 (N.D. Ill. Mar. 31, 2022) (citing *Trannel v. Prairie Ridge Media, Inc*., 987 N.E. 2d 923, 930 (Ill. App. Ct. 2013)); *Gaul v. CheckPeople, LLC*, 2022 WL 3212067, at *3 N.D. Ill. Aug. 9, 2022) (same). Rather, "holding out . . . mean[s] the representation . . . of an individual's identity on or in connection with certain activities," and "thus turns on the defendant's conduct, and not what the public perceived." *Fischer*, 2022 WL 971479, at *10 (citing *Trannel*, 987 N.E.2d at 930).

In *Gaul v. SignalHire LLC*, No. 23-CV-1301-JES, 2024 WL 3652876, at *9 (C.D. Ill. Aug. 5, 2024), the court considered a website that used identity data in a query-based database to promote a paid subscription (similar to PitchBook). The court recognized that the limitations period may be tolled where the publication involves a continuing or repeated injury. *Id.* Crucially, the court emphasized that in the context of a search-based database, publication may occur not at the time data is added, but when a user actively accesses or generates a profile view. *Id.* Similarly, PitchBook's system produces "new" publications each time a user runs a targeted search, particularly where such access is part of a free trial designed to convert users into paid subscribers. Every time Mr. Hsieh's name was returned in response to a user's search, let alone viewed in his profile, it was again "held out" for a commercial purpose. *See Mackey v. PeopleConnect, Inc.*, 2023 WL 2561621, at *9-10 (N.D. Ill. Mar. 17, 2023), *vacated on other grounds*, 22-cv-342, Doc. 91, Aug. 2, 2023 (by soliciting purchase of its subscription services by

using plaintiff's image, defendant held out plaintiff's identity for a commercial purpose) (citing *Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1101 (7th Cir. 2022)).

PitchBook's use of identity profiles also differs meaningfully from the static displays at issue in *Blair*. Most notably, PitchBook does not present identity information passively or continuously to the public in the way a billboard or product page does. Instead, it operates as a dynamic, user-driven platform: profiles are only surfaced from the database in response to specific search queries made by subscribers or trial users. That raises whether the single-publication rule—originally developed in the context of print media and later applied to websites—ought to apply to platforms that deliver personalized identity content through searches of a database by an evolving user base. PitchBook continuously expands its audience through trial access, marketing the ability to search people like Mr. Hsieh as part of the value proposition. That supports the inference that each exposure is made to a "new audience," triggering a new cause of action even under *Blair*'s own terms.

In sum, even if the Court were to import the one-year statute of limitations for privacy invasions to IRPA claims, which the Court should not do, summary judgment should be denied.

**B.      Plaintiff's claim for injunctive relief is not moot.**

Finally, the Complaint seeks an order "Enjoining PitchBook from committing further violations of IRPA." (Compl. at 13; *id.* ¶¶ 1, 15, 43(e), 52). IRPA expressly contemplates that "the court may issue such temporary restraining orders, preliminary injunctions, and permanent injunctions as may be appropriate under this Act." 765 ILCS § 1075/50. A claim for injunctive relief against "ongoing" or "continuing" IRPA violations is not barred by any statute of limitations. *Fischer*, 2022 WL 971479, at *15 (quoting *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1076 (7th Cir. 2013)).

PitchBook argues Plaintiff's claim is "moot" because it removed his profile on November 4, 2024, a few days after Plaintiff filed this lawsuit. (Def.'s Mem. at 8). But, unlike the sole authority PitchBook cites, *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006)—where the plaintiff moved to a new school district and there was no reasonable likelihood his prior school district would have any involvement in his ongoing education— PitchBook makes no showing that Mr. Hsieh's information will not be held out for commercial purposes again in the future on PitchBook once he is employed by a new firm. (*Id.*) And PitchBook admits that, in response to this lawsuit, it has not changed anything in terms of using such identities to entice free users to purchase subscriptions. (PSOAF ¶ 9). Under those circumstances, PitchBook has failed to show beyond any genuine issue of material fact, that the Court would be unable to grant him effect relief on his claims.

## Conclusion

For the foregoing reasons, PitchBook's Motion for Summary Judgment Pursuant to the Statute of Limitations (Doc. 29) should be denied.

Respectfully submitted,

By: /s/ Glenn L. Hara

Glenn L. Hara
Wallace C. Solberg
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
(847) 368-1500
ghara@andersonwanca.com
wsolberg@andersonwanca.com
bwanca@andersonwanca.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filings to all counsel of record.

/s/ Glenn L. Hara