**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JAMES HSIEH, an Illinois resident, individually and as the representatives of a class of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>PITCHBOOK DATA, INC.,<br><br>Defendant. | No. 1:24-cv-12454<br><br>Hon. April M. Perry<br><br>Hon. Jeffrey T. Gilbert |

**DEFENDANT PITCHBOOK DATA, INC.'S**
**REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY**
**JUDGMENT PURSUANT TO THE STATUTE OF LIMITATIONS**

# TABLE OF CONTENTS

ARGUMENT ........ 1

I. A one-year statute of limitations applies to IRPA cases. ........ 1

II. The continuing violation doctrine does not apply to Plaintiff's claim ........ 3

III. Plaintiff's claim for injunctive relief is moot. ........ 7

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Berry v. Ford Modeling Agency*,
2012 WL 5470289 (N.D. Ill. Nov. 9, 2012) ....................2

*Blair v. Nevada Landing P'ship*,
369 Ill. App. 3d 318 (2d Dist. 2006)....................3, 4, 5

*Bonilla v. Ancestry.com Operations Inc.*,
628 F. Supp. 3d 812 (N.D. Ill. 2022) ....................4, 5

*Bonilla v. Ancestry.com Operations Inc.*,
2023 WL 3602801 (N.D. Ill. May 23, 2023) ....................2, 3

*Brown v. Bartholomew Consol. Sch. Corp.*,
442 F.3d 588 (7th Cir. 2006) ....................7

*Gaul v. SignalHire LLC*,
2024 WL 3652876 (C.D. Ill. Aug. 5, 2024)....................1, 6

*Generations at Rock Island, LLC v. Ill. Dep't of Public Health*,
712 F. Supp. 3d 1071 (N.D. Ill. 2024) ....................7

*Giovannelli v. Stocktrek Images, Inc.*,
2025 WL 663020 (N.D. Ill. Feb. 3, 2025) ....................1, 3

*Giovannelli v. Walmart, Inc.*,
2024 WL 4301145 (N.D. Ill. Sept. 26, 2024) ....................2, 14

*HASelect Med. Receivables Litig. Fin. Fund Int'l, SP v. Clark*,
2024 WL 1328839 (N.D. Ill. Mar. 28, 2024)....................2

*Huston v. Hearst Commc'ns Inc.*,
53 F.4th 1097 (7th Cir. 2022) ....................4

*Mackey v. PeopleConnect, Inc.*,
2023 WL 2561621 (N.D. Ill. Mar. 17, 2023)....................1

*Troya Int'l, Ltd. v. Bird-X, Inc.*,
2017 WL 6059804 (N.D. Ill. Dec. 7, 2017)....................4

**Statutes**

735 ILCS 5/13-201 ....................2

PitchBook's motion for summary judgment (Dkt. 30, "Def. Mem.") demonstrated that Plaintiff's claim is barred by the one-year statute of limitations applicable to his IRPA claim. Plaintiff's Opposition (Dkt. 44, "Opp.") does not dispute any of the relevant facts PitchBook put forth and relies upon in its motion. Thus, there is no genuine issue of fact precluding summary judgment in this case.

Instead, Plaintiff makes two legal arguments in an attempt to avoid summary judgment. First, Plaintiff urges this Court to apply a five-year statute of limitations to his IRPA claim. But Illinois and federal courts have consistently applied a one-year statute of limitations. Second, Plaintiff argues that an exception to the single publication rule known as the continuing violation doctrine applies, which he says means that the limitations period is tolled until the date of the last alleged injury. But this argument too has been explicitly rejected by at least one other court in this District in a substantially similar case.

Plaintiff has now had the opportunity to take the discovery he believes is necessary to respond to PitchBook's motion. Because there is no material factual dispute and the law is clear that Plaintiff's two legal arguments are without merit, PitchBook is entitled to summary judgment based on the application of the statute of limitations.

**ARGUMENT**

**I. A one-year statute of limitations applies to IRPA cases.**

Plaintiff's lead argument in an attempt to survive summary judgment is that his IRPA claim is subject to a five-year, and not a one-year, statute of limitations. Opp. at 4–9. But courts in this Circuit—including Plaintiff's own cited cases—have repeatedly and consistently applied a one-year statute of limitations to IRPA claims. *See e.g.*, *Giovannelli v. Stocktrek Images, Inc.*, 2025 WL 663020, at *2–3 (N.D. Ill. Feb. 3, 2025) (cited in Opp. at 5 n.1); *Gaul v. SignalHire LLC*, 2024 WL 3652876, at *9 & n.7 (C.D. Ill. Aug. 5, 2024) (cited in Opp. at 10); *Mackey v. PeopleConnect,*

*Inc.*, 2023 WL 2561621, at *11 (N.D. Ill. Mar. 17, 2023) (cited in Opp. at 10); *Giovannelli v. Walmart, Inc.*, 2024 WL 4301145, at *2 (N.D. Ill. Sept. 26, 2024), *appeal filed*, No. 24-2869 (7th Cir. 2024); *HASelect Med. Receivables Litig. Fin. Fund Int'l, SP v. Clark*, 2024 WL 1328839, at *4 (N.D. Ill. Mar. 28, 2024); *see also* Def. Mem. at 4 (collecting cases). Plaintiff's only case to the contrary is *Toney v. L'Oreal USA*, a 2002 decision that "is an outlier, never cited for that proposition, and was vacated on appeal." *Berry v. Ford Modeling Agency*, 2012 WL 5470289, at *3 (N.D. Ill. Nov. 9, 2012) (declining to follow *Toney* and noting that "[m]ore recent cases, especially *Blair*, make it absolutely clear that [IRPA] has a one-year statute of limitations."), *aff'd*, 525 F. App'x 451 (7th Cir. 2013).

Devoid of supporting case law, Plaintiff asks this Court to ignore the overwhelming authority and apply a five-year statute of limitations to IRPA claims based on the Illinois Supreme Court's decision in *Tims v. Black Horse Carriers*—a case brought under a different statute, the Illinois Biometric Information Privacy Act ("BIPA"). Opp. at 5–8. Specifically, Plaintiff argues that because IRPA, like BIPA, does not specify a limitations period, this Court should apply a five-year catchall statute of limitations, like *Tims* did with regard to BIPA. *Id.* at 4–5. But this very same argument has already been considered and rejected by at least one other court in this District. *Bonilla v. Ancestry.com Operations Inc.*, 2023 WL 3602801, at *2–3 (N.D. Ill. May 23, 2023) ("*Bonilla III*") (Kendall, J.) (denying motion to reconsider IRPA statute of limitations ruling based on *Tims*). As Judge Kendall explained in *Bonilla III,* "*Tims* . . . reiterat[ed] the general rule that most civil suits must be brought within five years *unless* the suit is one for 'slander, libel or for publication of a matter violating the right of privacy.'" *Id.* at *3 (quoting 735 ILCS 5/13-201) (emphasis added). And "IRPA claims fit neatly into the 'unless' clause." *Id.* "Unlike the BIPA, the IRPA protects the *publication* of matters related to the right of privacy and, thus, falls under

the one-year statute of limitations." *Id.*; *see also id.* (analyzing legislative text). As Judge Kendall put it, "[s]imply consider the law's name. The legislature titled the statute the 'Illinois Right of *Publicity* Act.'" *Id.* (emphasis original).

Plaintiff's Opposition provides no compelling reason why this Court should find differently. Plaintiff argues, for instance, that "IRPA protects property rights, not privacy rights," and therefore "there is nothing in IRPA that could be defined as involving 'publication of matters violating the right of privacy.'" Opp. at 6, 8. But IRPA protects an individual's right to control whether their identity is used for commercial purposes, and "[i]nformation related to an individual's identity is certainly a matter related to the right of privacy." *Bonilla III*, 2023 WL 3602801, at *3 (internal quotation marks omitted). Moreover, as the Illinois Appellate Court explained in *Blair v. Nevada Landing Partnership*, IRPA "'completely supplanted the common-law tort of appropriation of likeness,' and this is a quintessential privacy right." *Id.* at *2 (citing and quoting *Blair*, 369 Ill. App. 3d 318, 323 (2d Dist. 2006)). Although Plaintiff may believe that *Blair* is "poorly reasoned," Opp. at 6–7, *Blair*'s reasoning "has been followed by multiple other federal district courts in Illinois and remains persuasive." *Stocktrek Images*, 2025 WL 663020, at *3 (cited in Opp. at 5 n.1) (following *Blair* and holding that one-year period applies). This Court should do the same and join the many other courts in this Circuit to apply a one-year statute of limitations to Plaintiff's IRPA claim.

## II. The continuing violation doctrine does not apply to Plaintiff's claim.

As a fallback, Plaintiff attempts to invoke the "continuing violation doctrine," arguing that his claim is still timely under a one-year statute of limitations because his information was accessible in response to a search and his profile was accessed by PitchBook users after October 30, 2023. Opp. at 9–11. As an initial matter, that Plaintiff's profile was viewed after October 30, 2023, is irrelevant to his IRPA claim, as it is undisputed that none of those views were by users on

a free trial. Dkt. 42, Pl. Resp. to PBSMF ¶ 4 ("Undisputed that no one using a 'free trial' ever viewed Mr. Hsieh's profile …"). *See Huston v. Hearst Commc'ns Inc.*, 53 F.4th 1097, 1101, 1104 (7th Cir. 2022) (affirming dismissal of IRPA claim where plaintiff's identifying information was "revealed after the sale is completed"). In any event, none of Plaintiff's arguments provide any basis to invoke the continuing violation doctrine, as it is inapplicable under the facts here.

As PitchBook explained in its opening brief, the continuing violation doctrine—also known as the "republication rule"—is an exception to the single publication rule, and, when applicable, tolls the limitations period until the date of the last injury. Def. Mem. at 6–7. However, "where there is a single overt act from which subsequent damages may flow, the statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, and this is so despite the continuing nature of the injury." *Troya Int'l, Ltd. v. Bird-X, Inc.*, 2017 WL 6059804, at *14 (N.D. Ill. Dec. 7, 2017) (citing and quoting *Blair*, 369 Ill. App. 3d at 324). Thus, courts apply this exception only when the defendant "significantly alters" the original publication, and there has been an "overt act" and some "conscious intent" by the defendant to republish the information. *See, e.g.*, *id.* at *14 (finding the continuing violation doctrine does not apply and granting summary judgment where defendant's use of a video "was intended to promote 'a single product' [] used for a single purpose [], and accompanied by no significant alterations [] to reach a new audience"); *Bonilla v. Ancestry.com Operations Inc.,* 628 F. Supp. 3d, 812, 818–19 (N.D. Ill. 2022) ("*Bonilla II*") (finding the continuing violation doctrine does not apply and granting summary judgment because the defendant's only "conscious intent" came from "the initial upload" of plaintiff's image); *Giovanelli v. Walmart, Inc.*, 2024 WL 4301145, at *3 (finding continuing violation doctrine does not apply and granting summary judgment where defendant "never altered [plaintiff's] image, used it in a different way, or used it for a different purpose"); *Blair*, 369 Ill.

App. 3d at 324 (finding "a single overt act" where defendant used plaintiff's photograph for a single purpose and that any "continual effect . . . [did] not denote a continuing course of conduct"); *see also* Opp. at 10 (explaining that the continuing violation doctrine "turns on the defendant's conduct").

There are no facts to support the application of the continuing violation doctrine here. It is undisputed that PitchBook added Plaintiff's information to its database in February 2021, Dkt. 31, JSMF ¶ 10, which constituted a "single overt act." Plaintiff does not and cannot point to any "overt act" or "conscious intent" by PitchBook to republish Plaintiff's information after that date. Indeed, it is also undisputed that PitchBook made only one minor edit to Plaintiff's information in June 2023 to reflect that he was now a former, as opposed to a current, employee. Dkt. 42, Pl. Resp. to PBSMF ¶ 1. This edit does not constitute a republication, and even if it did, Plaintiff's claim would still be time-barred, as that date is more than one year before Plaintiff filed his Complaint on October 30, 2024. Def. Mem. at 6.

Instead, Plaintiff's republication theory is based on the argument that a republication occurs each time Plaintiff's information was "returned in response to a user's search." *See* Opp. at 10; *see also id*. at 9, 11. But a "user's search" does not constitute an "overt act" or "conscious intent" by Pitchbook to do *anything*. Indeed, these facts are substantively identical to those present in *Bonilla II*, where Judge Kendall rejected the plaintiff's argument that the limitations period restarted every time a user ran a search regarding the plaintiff. *See* Def. Mem. at 7–8 (discussing *Bonilla II*, 628 F. Supp. 3d at 818–19). Just like the photograph in *Bonilla II*, Plaintiff's information in PitchBook's database was a static record that was never changed aside from a non-substantive edit in June 2023 (more than one year before the filing of the Complaint in any event). And just like in *Bonilla II*, if Plaintiff's information was returned in response to a search query on PitchBook's

website, that was as part of the search engine's ordinary operation in response to a *user's* query, and not the result of an "overt act" by PitchBook or PitchBook's "conscious intent" to republish Plaintiff's information. *Id*. at 819.

Plaintiff makes no attempt to distinguish the court's holding in *Bonilla II.* Instead, Plaintiff points to *Gaul v. SignalHire LLC*, 2024 WL 3652876 (C.D. Ill. Aug. 5, 2024), an IRPA case where the court denied the defendant's statute of limitations argument on a motion to dismiss. *Gaul* is distinguishable on multiple grounds. First, because *Gaul* was decided on a motion to dismiss, the defendant "ha[d] offered no evidence showing when [the plaintiff's information] was first published." *Id.* at *9. In contrast, here the undisputed evidence shows that Plaintiff's information was accessible on PitchBook beginning on February 15, 2021, and viewed by a user beginning on April 5, 2021. Dkt. 31, JSMF ¶ 10; Dkt. 43, Pl. SMF ¶ 2. Second, it was unclear in *Gaul* when and how often plaintiff's information was "last updated" by the defendant, which may have been the last date that the defendant "scraped the internet for [plaintiff's] personal information." 2024 WL 3652876, at *10. In other words, the court found that the plaintiff plausibly pled in the complaint that her information was updated by the defendant each time a user ran a search. This once again is in contrast to the facts here, where, after discovery, the evidence is clear that Plaintiff's information was added to PitchBook's database in February 2021 and remained static except for a minor update in June 2023.

Plaintiff's final argument amounts to an attempt to rewrite the law, suggesting that the single publication rule may not be applicable to a "user-driven platform" like the one at issue here. Opp. at 11. Plaintiff cites no authority for this proposition, and effectively ignores other IRPA cases like *Bonilla II* where precisely such a platform was at issue.

* * *

Because Plaintiff's IRPA claim is subject to a one-year statute of limitations and the single publication rule, Pitchbook is entitled to summary judgment. There is no dispute that Plaintiff's information was accessible beginning on February 15, 2021, Dkt. 31, JSMF ¶ 10; that his profile was in fact viewed by a user with a paid subscription beginning on April 5, 2021; Dkt. 43, Pl. SMF ¶ 2; and that he had full access to PitchBook's website and search features and thus could have discovered his own information beginning October 11, 2023, Dkt. 42, Pl. Resp. to PBSMF ¶ 3. Thus, under any calculation of the "first publication," Plaintiff's Complaint is untimely.

**III. Plaintiff's claim for injunctive relief is moot.**

It is undisputed that PitchBook removed Plaintiff's information from PitchBook.com on November 4, 2024, including all instances in which Plaintiff's information could appear in response to a search query. Dkt. 31, JSMF ¶ 12. An injunction related to removing Plaintiff's information from the user-facing portion of the website "therefore would be ineffectual" as the allegedly infringing act has been addressed. *See Generations at Rock Island, LLC v. Ill. Dep't of Public Health*, 712 F. Supp. 3d 1071, 1076 (N.D. Ill. 2024) ("A claim for injunctive relief becomes moot when 'the threat of the act sought to be enjoined dissipates.'") (*quoting Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 598 (7th Cir. 2006)).

Plaintiff nonetheless argues that "PitchBook makes no showing that [Plaintiff's] information will not be held out for commercial purposes again in the future on PitchBook once he is employed by a new firm." Opp. at 12. But "the threat of future placement" on PitchBook's website in connection with a potential unknown future employment "is purely speculative," *Generations at Rock Island*, 712 F. Supp. 3d at 1076, and cannot be a basis to deny summary

judgment here.[1]

## CONCLUSION

For these reasons and the reasons set forth in PitchBook's opening memorandum, PitchBook respectfully requests that the Court enter summary judgment in favor of PitchBook.

Dated: August 4, 2025

Respectfully submitted,

*/s/ Kathleen L. Carlson*
Kathleen L. Carlson
Lawrence P. Fogel
Jordana Beh
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
kathleen.carlson@sidley.com
lawrence.fogel@sidley.com
jbeh@sidley.com

*Attorneys for Defendant PitchBook Data, Inc.*

[1] PitchBook also represents that, if deemed necessary to resolution of this motion, it is willing to enter into a consent decree confirming that it will not include Plaintiff's information on PitchBook.com in the future.