**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES HSIEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24-cv-12454 |
| v. | ) | |
| | ) | Judge April M. Perry |
| PITCHBOOK DATA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

James Hsieh ("Plaintiff") brings this putative class action lawsuit against PitchBook Data, Inc. ("Defendant"), alleging violation of the Illinois Right of Publicity Act ("IRPA"), 765 ILCS § 1075/1 *et seq*. Defendant now moves for summary judgment asserting that the IRPA claim is barred by the statute of limitations. Doc. 29. For the following reasons, Defendant's motion is granted.

**BACKGROUND**

Defendant owns and operates the website PitchBook.com, where registered users can access a database that provides information about professionals in the private equity, venture capital, and mergers and acquisitions sectors. Doc. 31 ¶¶ 2, 5. PitchBook.com users access an individual's profile by entering a search query – either by using a traditional search bar or through a filter function with various criteria like industry and location. *Id.* ¶ 6. Alternatively, users may find individual profiles by clicking and viewing associated individual profiles or by viewing company profiles. *Id.* ¶ 7.

On February 8, 2021, Plaintiff's then-employer, Avante Capital Partners ("Avante"), sent Plaintiff's name, email address, and position title to Defendant. *Id.* ¶ 9. Defendant added

Plaintiff's information to its database on February 15, after which it could be accessed by any registered user of PitchBook.com. *Id.* ¶ 10. Plaintiff's information was changed only once, on June 6, 2023, when Defendant updated Plaintiff's profile to reflect that Plaintiff was a former employee of Avante. Doc. 42 ¶ 1.

To increase its subscriber base, Defendant offers temporary free trials of PitchBook.com. Doc. 31 ¶ 8. Plaintiff asserts that his personal identifying information – as well as that of class members – was used without consent to entice free trial users to become paid subscribers. Doc. 1-1 ¶¶ 6-7. It is undisputed that no one using a free trial ever viewed Plaintiff's profile on PitchBook.com. Doc. 42 ¶ 4. However, between April 5, 2021 and October 23, 2024, there were sixteen instances where Plaintiff's profile was viewed by PitchBook.com users with other license types. Doc. 42 ¶ 4; Doc. 48 ¶ 2.

Defendant removed Plaintiff's information from its website on November 4, 2024, after this lawsuit was filed on October 30, 2024. Doc. 31 ¶ 12; Doc. 1-1.

## LEGAL STANDARD

Summary judgment is proper when the movant shows that there is no genuine dispute of material fact such that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Although the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, the party that bears the burden of proof must present facts showing there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To avoid summary judgment, the nonmovant must show more than metaphysical doubt as to the material

facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While the court must construe the facts in the light most favorable to the nonmovant and draw all reasonable inferences in his favor, this obligation does not extend to drawing inferences that are supported by only speculation or conjecture. *See Swetlik v. Crawford*, 738 F.3d 818, 829 (7th Cir. 2013).

## ANALYSIS

Defendant argues that it is entitled to summary judgment because IRPA claims are subject to a one-year statute of limitations, and Plaintiff's claim is therefore untimely. *See* 735 ILCS 5/13-201 ("Section 13-201"). Plaintiff disagrees and argues that IRPA claims are instead subject to a five-year statute of limitations pursuant to 735 ILCS 5/13-205 ("Section 13-205"). As is explained further below, the Court agrees with Defendant both that a one-year limitation period applies, and that this case was filed after the statute of limitations expired.

IRPA codified the common law torts of appropriation of another's name or likeness and the right of publicity. *See Blair v. Nevada Landing P'ship*, 859 N.E.2d 1188, 1191 (Ill. App. Ct. 2006). IRPA provides an individual the "right to control and to choose whether and how to use [his] identity for commercial purposes." *See* 765 ILCS 1075/10. To succeed on such a claim the plaintiff must show: (1) an appropriation of the plaintiff's identity, (2) without the plaintiff's consent, (3) for the defendant's commercial benefit. *Blair*, 859 N.E.2d at 1192. IRPA does not expressly contain a statute of limitations. *See Martin v. Living Essentials, LLC*, 653 F. App'x 482, 485 (7th Cir. 2016).

Two Illinois statutes provide possible bases for a limitations period that would govern this case. Section 13-201 provides that "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action

3

accrued." Meanwhile, Section 13-205 provides that "all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." Because jurisdiction is based on diversity of citizenship, this Court must apply the law as the Illinois Supreme Court would apply it. *See AAR Aircraft & Engine Grp., Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001). And "[i]n the absence of a decision by the highest state court, decisions of intermediate appellate state courts generally control unless there are persuasive indications that the highest state court would decide the issue differently." *LTV Steel Co. v. Nw. Eng'g & Const., Inc.*, 41 F.3d 332, 335 (7th Cir. 1994) (internal citation omitted).

Plaintiff argues that the Illinois Supreme Court's opinion in *Tims v. Black Horse Carriers, Inc.*, 216 N.E.3d 845 (Ill. 2023) requires a finding that Section 13-205 applies to IRPA. In *Tims*, the plaintiff brought a claim under three different sections of the Biometric Information Privacy Act ("BIPA"): one of which governed the collection of biometric data, one of which governed the retention and deletion of biometric data, and one of which involved the disclosure of biometric data. *Id*. at 847. Although the Illinois Appellate Court had determined that either the one-year or five-year statute of limitations should apply to BIPA cases, depending on whether publication or disclosure of data was an element of the plaintiff's claim, the Illinois Supreme Court found that having different statutes of limitations for one statute was unworkable. *Id*. at 850. The Court then broke down each subsection of BIPA and concluded that the five-year statute of limitations would apply to the three subsections of BIPA which did not involve publication, and that the two subsections which "could be defined as involving publication … would fall within the purview of the one-year limitation period in section 13-201." *Id*. at 852. Taking into account the statute as a whole, as well as the intent of the legislature, the Supreme

Court found "that it would be best to apply the five-year catchall limitations period codified in section 13-205" to any claim brought under BIPA. *Id.*

*Tims* does not bind this Court, as it involved BIPA and not IRPA. That said, the Court finds that *Tims's* reasoning supports application of a one-year statute of limitations in IRPA cases. Unlike BIPA, IRPA is focused entirely on the publication of private information because it requires as an element that Plaintiff's personal information be used for Defendant's commercial benefit. *See id.* (finding that "publication" includes things like selling, leasing, trading, disclosing, and disseminating). One need look no further than the name: the Illinois Right of *Publicity* Act. Thus, there is no need to parse through subsections and ponder what to do when some portions of the statute require publication and others do not. *Tims's* instruction that statutes that "could be defined as involving publication … would fall within the purview of the one-year limitation period in section 13-201," *id.*, counsels in favor of applying Section 13-201 in this case.

Illinois appellate courts have universally applied a one-year statute of limitations to IRPA claims. *See Blair,* 859 N.E.2d at 1192 ("[S]ince the Right of Publicity Act completely supplanted the common-law tort of appropriation of likeness …, we find applicable the one-year statute of limitations that pertained to the common-law tort."); *Cantwell v. N.H. Scott & Hebblethwaite Funeral Home, Inc.*, 2023 IL App (1st) 221335-U, 2023 WL 4288342, at * 2 (Ill. App. Ct. 2023) (discussing lack of dispute between the parties that IRPA has a one-year statute of limitations). Since *Blair*, courts in this district also have consistently applied a one-year limitations period to IRPA claims, and this Court finds their reasoning compelling. *See, e.g., Bonilla v. Ancestry.com Operations Inc.*, No. 20-CV-7390, 2023 WL 3602801 (N.D. Ill. May 23, 2023); *Berry v. Ford Modeling Agency*, No. 09-CV-8076, 2012 WL 5470289, at *3 (N.D. Ill. Nov. 9, 2012) ("More

recent cases, especially *Blair*, make it absolutely clear that the Right of Publicity Act has a one-year statute of limitations."); *Toth-Gray v. Lamp Liter, Inc.*, No. 19-CV-1327, 2019 WL 3555179, *4 (N.D. Ill. July 31, 2019) ("Because *Blair* remains the only on-point decision, and because the weight of authority by other courts in the District holds that *Blair's* one-year statute of limitations applies, the Court will follow suit.").

Plaintiff cites only one case to the contrary, which was decided four years before *Blair* and twenty-one years before *Tims* and therefore did not have the benefit of their reasoning. *See Toney v. L'Oreal USA, Inc.*, No. 02-CV-3002, 2002 WL 31455975 (N.D. Ill. Nov. 1, 2002) vacated on other grounds, 406 F.3d 905 (7th Cir. 2005). In light of the weight of authority since *Toney*, this Court does not find it persuasive. This Court therefore proceeds to apply a one-year statute of limitations to Plaintiff's IRPA claim.

The first step to determining whether a case was filed beyond the statute of limitations is determining when the cause of action accrued. Under the single publication rule, IRPA claims typically accrue on the date when one's "interest is invaded, which … would be when the objectionable material was first published." *Blair*, 859 N.E.2d at 1192. Here, it is undisputed that first publication occurred on February 15, 2021 when Plaintiff's information was added to the PitchBook.com database. *See* Doc. 31 ¶ 10. This lawsuit was filed on October 30, 2024. Doc. 1-1. Thus, if this Court were to apply the single publication rule, Plaintiff's IRPA claim was filed more than two years too late.

Plaintiff counters that the single publication rule should not apply to this case because Defendant's offense was a continuing violation. Under the continuing violation doctrine, "the limitations period does not begin to run until the date of the last injury or the date the tortious acts cease." *Blair*, 859 N.E.2d at 1192-93. Importantly, a "continuing violation is occasioned by

6

continuing unlawful acts and conduct, not by continual ill effects from an initial violation." *Id.* at

1193; *see also Feltmeier v. Feltmeier*, 798 N.E.2d 75, 86 (Ill. 2003) ("A continuing tort ... does

not involve tolling the statute of limitations because of delayed or continuing injuries, but instead

involves viewing the defendant's conduct as a continuous whole for prescriptive purposes.").

Even if the Court were to accept Plaintiff's premise that this claim involved a continuing

violation, there is neither an injury to Plaintiff nor a tortious act by Defendant within one year

preceding the filing of this lawsuit. Plaintiff's IRPA claim is premised on Plaintiff's personal

information being shared with free trial users for the purpose of Defendant increasing its paid

subscriber base. But it is undisputed that no one using a free trial ever viewed Plaintiff's

information on PitchBook.com, let alone within the twelve months before this case was filed.

Doc. 42 ¶ 4.[1] Similarly, while courts have found that alterations of data for the purposes of

reaching new audiences can move the accrual date forward in time, the only alteration of

Plaintiff's data occurred on June 6, 2023, more than a year before this case was filed. See *Blair*,

859 N.E.2d at 1194 (finding that "a republication of the plaintiff's likeness can constitute a new

cause of action if the publication is altered so as to reach a new audience or promote a different

product"). The Court has found no support for the premise that simply having a plaintiff's

information as part of a publicly available dataset suffices to create a continuing violation for as

long as the information is publicly available. *See Bonilla v. Ancestry.com Operations, Inc.*, 628

F. Supp. 3d 812, 819 (N.D. Ill. Sept. 16, 2022) (finding the continuing violation rule inapplicable

to publicly searchable databases where the defendant never changed, altered, or expanded upon

---

[1] The complaint does not allege an IRPA claim based upon paid users accessing Plaintiff's data. Nor does the Court believe any cause of action is possible under such facts. *See Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1101 (7th Cir. 2022) ("A person's identity cannot be employed to sell a product if their identity is only revealed after the sale is completed."). Thus, the Court does not consider it relevant that paid users accessed Plaintiff's data within the twelve months before this lawsuit.

the data, because after that "the technology, not the company, does the real work"). Without any unlawful act by Defendant within the twelve months preceding the lawsuit, Plaintiff's IRPA claim is barred by the statute of limitations.

Finally, the Court considers whether Plaintiff's request for injunctive relief remains viable. Plaintiff seeks an order "[e]njoining PitchBook from committing further violations of IRPA," Doc. 1-1 ¶ 52, out of concern that his information will be "held out for commercial purposes again in the future on PitchBook once he is employed by a new firm." Doc. 44 at 17.

To be entitled to equitable relief based upon a fear of future harm, a plaintiff must demonstrate that the risk of future harm is "sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021). This means that a plaintiff must point to "evidence in the record [that] establishes a serious likelihood" that the future harm will occur. *Id.* at 438. Here, it is undisputed that Defendant removed Plaintiff's information from PitchBook.com on November 4, 2024. Doc. 48 ¶ 6. For Plaintiff to be harmed in the future, Plaintiff must (1) obtain a new job (2) with an employer that shares data with Pitchbook.com (3) without obtaining employee consent. Plaintiff points to no record evidence indicating this is likely to take place. Although Plaintiff is the nonmovant, he cannot oppose summary judgment with only speculation or conjecture. *See Swetlik v. Crawford*, 738 F.3d 818, 829 (7th Cir. 2013). Plaintiff's request for injunctive relief is therefore "too speculative to satisfy the imminence requirement for a suit for injunctive relief in federal court." *Dinerstein v. Google, LLC*, 73 F.4th 502, 515 (7th Cir. 2023).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted.

Dated: December 11, 2025

_____
APRIL M. PERRY
United States District Judge